UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA E. PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9474 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ADVOCATE HEALTH CARE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Cynthia Pearson brought this suit against Advocate Health Care, her former employer, alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Doc. 23. After the suit was reassigned to the undersigned judge, Doc. 93, the court granted summary judgment to Advocate and entered judgment in its favor. Docs. 111-113 (reported at 2017 WL 3478815 (Aug. 14, 2017)), *aff'd*, No. 17-2815, __ F. App'x __ (7th Cir. Apr. 4, 2018). Advocate has filed a bill of costs seeking $1,577.80 under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Doc. 120. Pearson opposes costs on the ground that she is indigent. Doc. 128.

A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012). But "it is within the discretion of the district court to consider a plaintiff's indigenc[e] in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigence:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in

1

> the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id.* at 635-36 (citations and internal quotation marks omitted).

As for the first step, Pearson avers that she is 62 years old and employed as a caregiver for her 80-year-old mother at an hourly rate of $11.00 for twelve hours per week. Doc. 128 at 4, 48. When Pearson submitted her affidavit, her total monthly income was approximately $375 and her monthly expenses (not including food, for which she receives food stamps) were approximately $389. *Id.* at 48-49. Pearson lives alone in a subsidized apartment, and her rent is pegged at 30% of her income. *Id.* at 4, 51. Pearson has few assets: she owns a 2000 Ford Windstar worth between $790 and $1,501, and has only $18.56 in her bank account. *Id.* at 50. At the time she submitted her affidavit, Pearson had recently applied for early Social Security retirement benefits. *Id.* at 53.

Before Pearson applied for Social Security, she was clearly incapable of paying any court-ordered costs. She earned only $375 a month, and her average expenditures exceeded her income. Even with Social Security benefits, Pearson still will receive a very modest income. An automatic rent increase will negate 30% of the benefits, and she is likely to justifiably increase her expenditures on necessities such as transportation and food. Pearson's commitment to caring for her elderly mother will make it difficult for her to find any other source of income. Given

these circumstances, Pearson has sufficiently established that she is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted); *see also Tallman v. Freedman Anselmo Lindberg LLC*, 2013 WL 4041412, at *2 (C.D. Ill. Aug. 7, 2013) (declining to award costs against a 63-year-old individual who received Social Security benefits and cared for his elderly mother). In establishing her indigence, Pearson has shown that her financial situation is far direr than that of the losing party in *Rivera*, who did not provide the court with a schedule of expenses, who was employed full-time, and who held a $175,000 judgment against a prisoner whose assets she had not investigated. *See Rivera*, 469 F.3d at 637.

As for the second step of the *Rivera* analysis, the court finds that Pearson brought this suit in good faith. Although the legal issues were not particularly close, Pearson, who litigated the case *pro se*, genuinely believed that she had been wronged. And although Advocate seeks costs of only $1,577.80, Pearson's indigence would make it extremely difficult for her to pay even that sum.

For these reasons, Advocate's request for costs is denied.

April 5, 2018

_____
United States District Judge